## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA


ROBERT L. PERKINS,                        )
                                          )
                Plaintiff,       )
                                          )
                v.               )     1:04CV00988
                                          )
DONALD G. WATSON,                         )
        and                               )
ESTATE OF PRISCILLA P. WATSON,            )
                                          )
                Defendants.      )


## O R D E R

Defendants have filed a motion to dismiss on the grounds that the complaint fails to adequately allege a requisite amount in controversy. Plaintiff brought this action pursuant to 28 U.S.C. § 1332, which allows actions between citizens of different states. Another requirement of Section 1332 is that the amount in controversy must exceed $75,000.

The complaint alleges that plaintiff is entitled to reasonable compensation pursuant to N.C. Gen. Stat. § 42-4 for the use of certain real property from 1987 to present from defendant Donald Watson, to the extent that he used the premises and to the extent that non-divisees paid rent. For the amount of compensation, plaintiff merely states it is an amount to be determined.

In their motions to dismiss, defendants assert that plaintiff has failed to adequately allege that the amount in controversy exceeds $75,000, which is necessary to provide a basis for diversity of citizenship jurisdiction, citing Coventry Sewage

<u>Associates v. Dworkin Realty Co.</u>, 71 F.3d 1, 6 (1st Cir. 1995); and

<u>Jennings v. University of North Carolina at Chapel Hill</u>, 240 F.

Supp. 2d 492, 497 (M.D.N.C. 2002). Defendants also point out that

under the allegations of plaintiff's complaint, he only owns a one-

tenth divided interest in the property. Furthermore, defendants

show that plaintiff himself alleges that the fair rental value of

the property, at least in 1992, was only $250.00 to $350.00 a

month. From this, defendants conclude that the amount in

controversy cannot exceed $75,000.

Defendant Donald Watson filed an affidavit showing that he

only occupied the property from 1984 through 1986. He states that

while he did not pay rent, he spent between $16,000-$17,000 on

maintenance and repair, all without reimbursement. He further

states that the property was rented to another person for 2½ years

between 1998 and 2001. He claims the fair market value was

charged, which was $350.00 per month. He then states that other

than these times, the property has been unoccupied and unused.

Consequently, he states that the total amount of rent which was or

should have been paid by him and other persons was far below

$75,000. He further notes that plaintiff's claim for punitive

damages may not be counted because such damages are not recoverable

for a breach of contract, <u>citing</u> <u>Klepper v. First American Bank</u>,

916 F.2d 337, 341 (6th Cir. 1990); and N.C. Gen. Stat. § 1D-

15(a)&(b). Plaintiff does not show otherwise in his response.

While plaintiff filed a response, he did not file an

affidavit. In that response, he appears to contradict Donald G.

-2-

Watson by stating that in 2002, the property appeared to be occupied. He may even be claiming that the property was occupied by defendant Watson. However, this is unclear. What is clear is that plaintiff fails to point out why he believes his claim exceeds $75,000.

## Discussion

Plaintiff frames the issue before the Court as being whether the allegations in plaintiff's complaint show to a legal certainty that he could not possibly recover the jurisdictional amount.[1] Plaintiff's framing of the issue does not satisfactorily set out the procedural posture of this case, nor plaintiff's duties in the present situation.

This is not a situation where plaintiff brought an action in state court and it was removed to federal court by defendants. In such an instance, the burden of showing this Court's jurisdiction would rest on defendants. Because plaintiff directly filed the action in this Court and defendants have challenged the amount in controversy, the rule is:

> [t]he party seeking to invoke the subject matter jurisdiction of the federal courts has the burden of proving its existence under the St. Paul Mercury case by showing that it does not appear to a legal certainty that the claim for relief is for less than the statutorily prescribed jurisdictional amount.

14B Charles Alan Wright, et al., Federal Practice and Procedure § 3702, at 33-34 (1998 Ed.). "Thus, in cases originally commenced in

---

[1]Plaintiff also claims that defendant Donald Watson failed to file a brief in support of his motion and that, therefore, the Court should deny said motion. However, defendant Watson did file a brief. See Docket No. 4.

-3-

a federal court, the plaintiff bears this burden with regard to showing that the jurisdictional amount requirement is satisfied by his claim for relief; . . . ." Id. at 38. In determining the jurisdictional amount, the Court may rely not only on the record, but also other materials, such as affidavits. Id. at 57-59. The treatise writers note that there are policy reasons on both sides as to whether a court should go farther and require additional information or hold hearings. Id. at 60-61. However, when, as in this case, it is not apparent from the face of the complaint that plaintiff's request for relief will exceed the jurisdictional amount, the Court may be required to examine affidavits and require other evidence. See Id. at 70.

Plaintiff fails to state an amount in controversy, but merely states the rent payments to which he is owed are "to be determined." He does attack defendant Donald G. Watson's affidavit. In that affidavit, defendant Watson stated that the fair market rental rate for the period between 1998 and 2001 was $350.00 per month.[2] Plaintiff, for some reason, asserts that it is unrealistic to think the rental rate would remain unchanged for 17 years. While this might be true, plaintiff never submits evidence concerning what the rental rate would be.

Next, plaintiff evidently is expecting to claim back rent for a period of 17 years. In this, he ignores the statute of limitations, which for N.C. Gen. Stat. § 42-4 will be the three-

---

[2]For some reason, plaintiff claims that Watson stated that the fair market value was this amount from 1984 until 2001. Watson never stated this.

year period provided by N.C. Gen. Stat. § 1-52(2).  Simon v. Mock,
75 N.C. App. 564, 331 S.E.2d 300 (1985)(if an estate is involved,
there may be a slightly different period of limitation).  While the
Court normally will not take defenses into account in order to
determine the jurisdictional amount, it is also true that "a
defense that appears on the face of the plaintiff's complaint may
tend to suggest that the plaintiff lacked good faith in asserting
that his claim satisfied the jurisdictional amount." 14B Wright, et
al., supra, § 3702, at 76-77.  (It should be pointed out that
pursuant to 28 U.S.C. § 1331(b), where a plaintiff does not recover
the jurisdictional amount, the Court may deny costs and, instead,
impose costs on plaintiff.)  A court may examine independent facts
in order to ascertain whether the amount and damages claimed by the
plaintiff was done so merely to obtain federal jurisdiction.  Id.
at 101.  That is the situation facing the Court.

In this case, it is not just the fact that plaintiff has
chosen to ignore the statute of limitations, but that he has also
failed to account for the fact that he is only one of many
divisees; apparently may be attempting to represent other divisees'
interests, which he may not; and, finally, and most importantly, he
has failed to present any evidence or show that there is a reason
to believe that he has a colorable claim in excess of the
jurisdictional amount.  In essence, this is a situation where the
facts may suggest that plaintiff may be acting in bad faith should
he assert his claim exceeds the jurisdictional amount.  Defendants
indicate that plaintiff only owns a one-tenth undivided interest in

-5-

the real property.  If that is so, then plaintiff must be claiming that the total rent involved in this controversy exceeds $750,000 in order for his claim to exceed the jurisdictional amount.  Such an extraordinary claim demands that the Court investigate the matter further.

Because plaintiff has failed to present the Court with evidence that his claim exceeds the jurisdictional amount, the Court would normally grant the motions to dismiss at this time. However, because plaintiff is proceeding pro se, the Court, out of an abundance of caution, will, instead, set the matter for an evidentiary hearing wherein plaintiff can appear and present to the Court the evidence and reasons that his claim exceeds the jurisdictional amount.

**IT IS THEREFORE ORDERED** that defendants' motions to dismiss for lack of jurisdiction (docket nos. 3 and 6) shall be granted unless plaintiff comes forward with evidence that his claim exceeds the jurisdictional amount.  The Court will set an evidentiary hearing for this inquiry for Thursday, June 16, 2005, at 9:30 a.m., in the Hiram H. Ward Federal Building and United States Courthouse, 251 North Main Street, Winston-Salem, North Carolina.

_____
**United States Magistrate Judge**

June 3, 2005